**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

**DAVID LAMON DOYLE**                                                                 **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 5:26-CV-68-JHM**

**UNITED STATES POSTAL SERVICE**                                          **DEFENDANT**

**MEMORANDUM OPINION**

Because *pro se* Plaintiff David Lamon Doyle is proceeding *in forma pauperis*, the Court

must review this civil action pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*,

114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Upon review, the Court will dismiss the action.

**I.**

Plaintiff sues the United States Post Office (USPS).  He states that in May 2025 after

observing that property located at 805 S. 5th Street, Paducah was in an "abandoned state," he

"began the operation of a squatter" – landscaping and beatifying the property.  And he changed his

address to that location.  Plaintiff states that he would "like to know how and why the United States

Postal Service blocked and derailed me as a squatter from 805 E. 5th Street.  Another brutal winter

was ahead, and I did not want to die from hypothermia."  He requests $6,000,000 for emotional

distress, related to the shredding and discarding of mail.

Plaintiff also filed a "Motion for Collection Order for Pain and Suffering and IIED" (DN 8).

The motion states:

> Based upon Kentucky's Squatter Right's Laws the . . . USPS derailed my efforts of
> becoming a squatter at 805 S. 5th Street in Paducah, Ky. by shredding and throwing
> my mail away.  Causing homelessness for myself . . . for approximately 375 days
> and counting where I reside[] in my car, other abandoned houses and wooded areas,
> weather in extreme heat or extreme cold.

Plaintiff attaches a typewritten document titled "Kentucky Squatters' Rights and Adverse Possession Laws – 2026" and a list of abandoned homes purportedly from a Kentucky property valuation website.

## II.

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides, "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." It is axiomatic that federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assocs. Inc.*, 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract*

2

*Transp., Inc.*, 452 F.3d 543, 548-49 (6th Cir. 2006).  The party that seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case.  *Kokkonen*, 511 U.S. at 377.  Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction."  *Douglas*, 150 F.3d at 607 (quoting *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997)).

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994).  "[T]he Postal Service enjoys [such] federal sovereign immunity[.]"  *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006).  Any waiver of sovereign immunity "will be strictly construed, in terms of its scope, in favor of the sovereign."  *Lane v. Pena*, 518 U.S. 187, 192 (1996).  Without a waiver, courts lack the jurisdiction to hear any claim barred by sovereign immunity.  *Meyer*, 510 U.S. at 475 ("Sovereign immunity is jurisdictional in nature.  Indeed, the terms of the United States' consent to be sued in any court define that court's jurisdiction to entertain the suit.") (alterations and internal quotations alterations omitted).

The Federal Tort Claims Act (FTCA) waives immunity for certain tort claims against the United States and its employees.  *See* 28 U.S.C. § 1346(b).  However, the Act includes several exceptions, and "[i]f one of the exceptions applies, the bar of sovereign immunity remains."  *Dolan*, 546 U.S. at 485.  Among the exceptions is "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."  28 U.S.C. § 2680(b).  The Supreme Court has concluded that this exception "retain[s] immunity . . . for injuries arising, directly or consequently, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address."  *Dolan*, 546 U.S. at 489.

3

Plaintiff's claim for damages for the destruction by shredding or the discarding of his mail fits squarely within the "postal matter exception." *James v. Jacksonville Bulk Mail Ctr.*, No. 3:06–cv–1120–J–34JRK, 2009 WL 2901197 at * 5 (M.D. Fla. Sept. 4, 2009) ("Courts have held loss 'means destroyed, misplaced, or los[t] from the postal system.'") (quoting *Dolan,* 546 U.S. at 487). Therefore, the Court does not have jurisdiction to consider Plaintiff's claim.

Accordingly, the Court will dismiss this action by separate order.

Date:   August 12, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:     Plaintiff, *pro se*
4414.009

4